CITY OF ROCKLAND vs. FRED T. ULMER, and RALPH R. ULMER.

SAME vs. SAME.

SAME vs. NELLIE G. ULMER.

Knox.    Opinion April 1, 1895.

*Taxes.    Actions.    Assessments.    Interest.    Demand.*

The rules applied in testing the validity of arrests and sales of property, in the collection of taxes, do not prevail in suits at law to recover unpaid taxes.

Where it appears that a tax was lawfully imposed, that the assessors were legally chosen and qualified, that they had jurisdiction of the person and estate assessed, irregularities or omissions in the procedure will not constitute a defense to an action for the tax, unless they increased the defendant's rightful proportion of the general burden.

In an action for a tax, the defendant cannot be heard to complain of any irregularities occasioned by his own conduct.

In an action for a tax, a formal admission that "a demand [for the tax] was made at the date of the writ," is sufficient evidence of a demand "before suit."

Taxes do not bear interest, unless the vote imposing interest is passed at the time the taxes were imposed.

An order of the mayor and treasurer of a city to the city solicitor to begin an action of debt in the name of the city "against the devisees of J. U., deceased,"— is sufficiently definite to authorize such a suit against those devisees by name.

ON REPORT.

The cases appears in the opinion.

*W. R. Prescott*, city solicitor, for plaintiff.

*A. A. Beaton and R. R. Ulmer*, for defendants.

Counsel argued that there was no power to lay a supplemental tax, as no polls or estate were omitted by mistake from the first assessment.

That it is not shown when the supplemental tax was laid, and only a tax laid on the date declared on in the writs can be collected in these suits.

That it is not shown to have been laid during the term of office of the old assessors.

That the difference between the first tax assessed and the supplemental tax, shows the rate or valuation to have been changed.

That the supplemental tax is not shown to be assessed on undivided real estate belonging to the James Ulmer devisees, and the written authority to sue the said devisees does not apply to the suit at bar.

Counsel cited : R. S., c. 6, §§ 24, 35, 125, 130, 149, 175 ; *Ingle* v. *Bosworth*, 5 Pick. 498 ; *Oakham* v. *Hall*, 112 Mass. 535 ; *Deane* v. *Hathaway*, 136 Mass. 129 ; 8 Am. & Eng. Corp. Cases, p. 500, and cases ; *Snow* v. *Weeks*, 77 Maine, 429 ; *Rockland* v. *Rockland Water Co.* 82 Maine, 188 ; *Parks* v. *Cressey*, 77 Maine, 54 ; *Gould* v. *Monroe*, 61 Maine, 544.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J.   These are three suits by the city of Rockland to recover the taxes for 1889, assessed by its assessors against the respective defendants, who were all inhabitants of Rockland, and subject to taxation therein at the time of the assessments.   The defendants in either suit do not deny that they should have been assessed, and should have paid the taxes on the property assessed to them that year in Rockland.   They insist, however, that there were in the procedure of assessment omissions and irregularities, which excuse them entirely from payment.   They did not seek to have these omissions or irregularities corrected by appeal, *certiorari*, prohibition or other appropriate process, but now seek to make use of them to avoid paying any taxes.

In considering the objections made by the defendants to these assessments, it should be borne in mind that the strict rules heretofore applied in testing the validity of arrests and sales of property for unpaid taxes, are not applicable to these milder remedies by suits in the ordinary course of legal procedure. When the liability of the defendant to taxation, and the jurisdiction of the assessors over him and the subject matter appear, then the general question is whether the omissions or irregularities pointed out in the proceedings, have occasioned the defendant any loss or other injustice.   If they have not, they will not be allowed to exempt him from bearing his proper share of the tax burden.   *Rockland* v. *Ulmer*, 84 Maine, 503.

I. Fred T. Ulmer and Ralph R. Ulmer, the defendants in the first suit, were heirs and also devisees of James Ulmer, deceased, and succeeded to his real estate in Rockland. The assessors, in making the regular assessment for 1889, assessed this real estate to the " James Ulmer Heirs," under section 24 of the Tax Act. (R. S., c. 6.) Later, they learned of the will, and undertook to make a supplementary assessment of the same real estate under section 35, and this time to "James Ulmer's Devisees." The defendants, Fred and Ralph, admit that they are the sole owners of this real estate as devisees, and hence are the persons who should pay the tax upon it ; but they claim that the supplementary assessment to them as devisees was invalid, inasmuch as the estate was not omitted in the original assessment, but was there assessed to the " James Ulmer Heirs."

The assessors originally assessed this real estate of the deceased James Ulmer to his heirs, without naming them, as provided in section 24—no notice having then been given them of any will or division of the estate. If, by that action, this real estate was assessed and included in the original assessment, then, by the same section 24, Fred and Ralph are each liable for the whole tax. If, on the other hand, that action of the assessors was totally void, then the real estate thus sought to be assessed, was not assessed, but was omitted from the original assessment by mistake. This omission, by mistake, gave the assessors authority to include the estate in a supplementary assessment, as provided in section 35, and the defendants are each liable for the tax as devisees (§ 24). The assessors had jurisdiction to assess the James Ulmer real estate to the owners,—these defendants,—either on the original or supplementary assessment. It is immaterial in this case which was the proper assessment, for in its declaration the city has counted on both, and hence can recover on either. If the defendants escape one, they come under the other.

These defendants complain that the supplementary assessment did not follow the original. The changes, if any, did not increase the valuation or the tax, and hence the defendants were not injured by them.

The defendants, again, complain that personal property of the James Ulmer estate was also included in the original assessment to them as heirs, which inclusion they say was unauthorized by section 24. The tax on this personal property was abated at the request of the defendants and is not now sued for. The defendants, therefore, are not injured by that irregularity, if it be one.

II.   Fred T. Ulmer, the defendant in the second suit, was assessed in the original assessment for various items of real estate and personal property, including money. He complained of errors in the assessment, and, in consequence of his complaint, the assessors assumed to abate the whole tax and make a new assessment of his estate in the supplementary assessment, by which they reduced somewhat his valuation and his tax. He now seeks to wholly avoid this lessened tax, on the ground that the assessors had no authority to include his estate in a supplementary assessment, it having been once included in the original assessment. This effort to wholly avoid his share of the public burden cannot be considered with favor. He was liable to be taxed for this estate. The assessors had jurisdiction to assess his estate and fix his share of the tax. They undertook to do so. The irregularities now complained of were committed to oblige him. If the city waives them and only asks for the lower tax, the defendant cannot be heard to complain of them.

The city in this suit also has counted on both assessments, and it is the good fortune of the defendant that the city does not insist on the continued vitality of the original assessment, and on the futility of the supposed abatement, there having been no written application for an abatement, as provided in section 95 of the Tax Act.

III.   Nellie G. Ulmer, the defendant in the third suit, was the owner, on April 1, 1889, of a parcel of real estate in Rockland, which was not assessed to her in the original assessment, as the assessors were not then aware of her ownership. Being afterward informed of her ownership, they included it in the supplementary assessment, and assessed it to her. She is the person to whom it should have been assessed and who should pay the tax. No one else has paid it or has been asked to pay

it. The city in this suit is only asking for the tax on that estate from the person owning it and to whom it was assessed. The assessors had jurisdiction for taxing purposes over the estate and over the defendant. We fail to see any injury to the defendant in any irregularity that she complains of.

IV. All the defendants say that the person, to whom these various assessments were committed as collector, was not legally appointed collector. This is evidently immaterial in these suits. That person is not now undertaking to execute the warrants given him. The city is proceeding independently of him.

V. The defendants made at the trial a formal admission, "that a demand was made on all the defendants [for these taxes] at the date of the writ," but they now claim that this admission is not sufficient evidence of a demand "before suit," as required by section 175. The admission having been made by the defendants, presumably to further the proceedings with saving of expense and delay, it should be construed liberally for that purpose. The plaintiff evidently regarded the admission as made for that purpose, since he offered no other evidence of demand. We can and do assume that the defendants made the admission in good faith, and were not setting a trap for the plaintiff by their use of one tense rather than another in the verb. Read in the light of all the circumstances, the language of the admission fairly imports that the demand had been made and completed when the writs were made.

VI. The defendants contend that no interest can be recovered, since the resolve imposing interest was not passed by the city council at the time of imposing the tax. This contention must be sustained. The resolve imposing interest was not passed till August 5, 1889. *Rockland* v. *Water Co.* 82 Maine, 188.

VII. The defendants in the first suit contend, that the order of the mayor and treasurer is not sufficiently definite to authorize a suit against them. The order was to begin an action of debt in the name of the city against "the devisees of James Ulmer, deceased," to recover the tax of 1889. This order shows that the mayor and treasurer considered this particular tax against these two defendants, and adjudged an action of

debt expedient. This is sufficient to remove the objection sustained in *Cape Elizabeth* v. *Boyd*, 86 Maine, 317.

There are other minor objections made by the defendants, but they are practically answered by what has already been said. It sufficiently appears in the case that the tax was lawfully imposed ; that the assessors were lawfully appointed and qualified ; that they had jurisdiction for purposes of assessment over the persons and estates of the defendants : that they made assessments and determined the defendant's share of the taxes imposed ; and that the defendants are asked to pay only their share thus determined. It does not appear in the case that any omission or irregularity, pointed out in the proceedings, has occasioned either defendant any hardship, loss or other injury. Whatever might have been the effect of these upon an appeal, *certiorari*, or other suitable and timely process for the correction of errors, they do not now avail to wholly discharge the defendants from their taxes.

Judgment must be awarded to the city against the several defendants for the tax sued for, without interest, but with costs.

*Judgments for the plaintiff.*